**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KARLEEN M. FROST** | : | |
| **Plaintiff,** | : | **C.A. 05-531 S** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

# AMENDED COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Karleen M. Frost resides at 13 Boston Street, Coventry R.I. 02816.

5. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

6. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about July 31, 2004 Plaintiff obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff Karleen M. Frost received or signed the following documents:

1. A note in the principal amount of $150,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibits A;
5. A One Week Cancellation Period form; attached as Exhibit B; and

6. A HUD-1 Settlement Statement.

11. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's**

**principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

12. The copies of the notice of right to cancel actually delivered to Plaintiff were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

13. Upon information and belief, Ameriquest disbursed the loan proceeds on July 31, 2004 as indicated by a mortgage payoff letter as incorporated by reference and attached as Exhibit C.

14. On or about November 18, 2005 the Plaintiff exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit D.

15. In a letter dated December 13, 2005, attached as Exhibit E, Ameriquest denied the

Plaintiff's request to rescind the mortgage.

**COUNT I - TRUTH IN LENDING ACT**

16. Plaintiff incorporates ¶¶ 1-15 as if fully set out herein.

17. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

18. In the alternative, Plaintiff alleges that any material disclosures deemed to be received by her were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (Exhibit B) detracts from and obfuscates the Notice of Right to Cancel (Exhibit A) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2)

19. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

20. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Ameriquest as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

# Exhibit A

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: July 31, 2004
LOAN NO.: 0087251104 - 5782
TYPE: ADJUSTABLE RATE

BORROWER(S): Michael R. Frost Karleen M. Frost

ADDRESS: 13 Boston Street
CITY/STATE/ZIP: COVENTRY,RI 02816

PROPERTY: 13 Boston Street
COVENTRY, RI 02816

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is **ENTER DOCUMENT SIGNING DATE** ______________________ ;

   or
2. The date you received your Truth in Lending disclosures;

   or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN: **FUNDING**
PHONE: **(714)634-3494**
FAX: **(800)664-2256**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of **ENTER FINAL DATE TO CANCEL** ______________________

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

______________________ SIGNATURE ______________________ DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

______________________
BORROWER/OWNER Michael R. Frost Date

______________________
BORROWER/OWNER Karleen M. Frost Date

______________________
BORROWER/OWNER Date

______________________
BORROWER/OWNER Date

1064-NRC (Rev 01/04) 000000872511040400050101

**BORROWER COPY**

07/31/2004 11:47:39 AM

# Exhibit B

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0087251104 - 5782
Date: July 31, 2004

Borrower(s): Michael R. Frost
Karleen M. Frost

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you**. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company
1600 S Douglass Rd Anaheim, CA 92806
ATTN: Funding Department
Phone: (714)541-9960
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_______________________________ _______________
Borrower/Owner Michael R. Frost Date

_______________________________ _______________
Borrower/Owner Karleen M. Frost Date

_______________________________ _______________
Borrower/Owner Date

_______________________________ _______________
Borrower/Owner Date

## REQUEST TO CANCEL

**I/We want to cancel loan #_______________________________.**

_______________________________ _______________
Borrower/Owner Signature Date

000000872511040404220101

07/31/2004 11:47:39 AM

**BORROWER COPY**

850 (10/00)

# Exhibit C

# Ameriquest Mortgage Company

Date: July 31, 2004

Loan Number: 3441003

Lender Name: Countrywide

Borrower Name: Michael R. Frost

Lender Address:
400 Countrywide Wy
Simi Valley, Ca 93065

Property Address:
13 Boston Street
COVENTRY , RI 02816

To Whom It May Concern:

The above named borrower has an outstanding mortgage loan with you secured by the property listed above.

Enclosed please find a payoff check in the amount of $ 118,232.11 which represents payment in full of your loan.

If you have any questions regarding this payoff, please contact:

Ameriquest Mortgage Company
6 Blackstone Valley Place # 305
Lincoln, RI 02865

(401)334-8606

Demand is made herein that upon receipt of this payoff you prepare either a release of Mortgage or a Reconveyance of the Deed of Trust. If you have collected funds for the recordation of said release or reconveyance, please forward them to the County Recorders Office for recording. Otherwise, forward to:

**AMERIQUEST MORTGAGE COMPANY**
**ATTN: AGNES SANCHEZ**
**P.O. BOX 11507**
**SANTA ANA, CA 95825**

Sincerely,

AMERIQUEST MORTGAGE COMPANY

000000872511040805200303

0087251104 - 5782

890 (02/02)

# Exhibit D

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER
*WWW.RICONSUMERLAW.COM*
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
*ATTORNEYS & COUNSELORS AT LAW*

November 18, 2005

Ameriquest Mortgage Company
1600 S. Douglas Road
Anaheim, CA 92806

**Re: Notice of Rescission by Karleen M. Frost, 13 Boston Street, Coventry, RI 02816, Loan Number: 0087251104, Closing Date: 07/31/2004**

To Whom It May Concern:

I represent Karleen M. Frost concerning the mortgage loan transaction she and her husband entered into with Ameriquest Mortgage Corporation on July 31, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mrs. Frost was given incomplete and therefore, inaccurate notices of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Ameriquest Mortgage Corporation on the Frost's property located at 13 Boston Street, Coventry is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Karleen M. Frost,**
**By their Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

cc: Mrs. Frost

*TWO DEXTER STREET, P.O. BOX 479 PAWTUCKET, RI 02862 PHONE: (401) 728-6060 FAX: (401) 728-6534*

# Exhibit E

AMERIQUEST MORTGAGE COMPANY

December 13, 2005

***Via Facsimile (401) 728-6534 and Certified Mail / Proof of Delivery Requested***

Christopher M. Lefebvre
Family and Consumer Law Center
P.O. Box 479
Pawtucket, RI 02862

| | | |
|---|---|---|
| ***Re:*** | ***Borrower(s):*** | ***Michael R. Frost and Karleen M. Frost*** |
| | ***Ameriquest Loan Number:*** | ***0087251104*** |
| | ***Property Address:*** | ***13 Boston Street Coventry, Rhode Island 02816*** |

Dear Mr. Lefebvre:

This letter is in response to your correspondence dated November 18, 2005 which purports to rescind the loan referenced above on the basis that the *Notice of Right to Cancel* ("*Notice*") was not provided to your clients.

Attached please find completed copies of the *Notice* and *One Week Cancellation Period* that were provided to your clients at loan closing and which they acknowledged receipt of by signing.

For the reasons stated above, we deny your claim that Ameriquest did not provide your clients with a complete *Notice*, and respectfully decline your demand for rescission of this loan. Please note that this denial is based upon the facts provided in your correspondence, and that we welcome you to forward us any additional information that would be pertinent to our review of this matter.

***Please direct all continuing and future inquiries regarding these matters to my attention to ensure timely delivery and receipt of your correspondence.***

We trust that this responds to your concerns.

Sincerely,

Ann Tran
Counsel
Ameriquest Mortgage Company

Encls.

1100 Town & Country Road, Suite 1200, Orange, CA 92868 • Phone (714) 541-9960 • Fax (714) 564-9639

EQUAL HOUSING LENDER

## CERTIFICATE OF SERVICE

I hereby certify that on the 31 day of March, 2006, I mailed a true copy of the Plaintiffs' Amended Complaint via first-class mail, postage prepaid to:

Steven E. Snow
Partridge Snow & Hahn LLP
180 South Main St.
Providence, RI 02903

Bruce Allensworth
Kirkpatrick & Lockhart Nicholson Graham
75 State Street
Boston, MA 02109

Lindsey Cepeda